UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA ANGELICA CHAVEZ VALDEZ, <br><br>Plaintiff, <br><br>v. <br><br>FIELD ASSET SERVICES, INC., et al., <br><br>Defendants. | Case No.: 23-CV-1085 W (KSC) <br><br>**ORDER REMANDING CASE TO THE SAN DIEGO SUPERIOR COURT** |

On April 17, 2023, Plaintiff Alma Angelica Chavez Valdez filed a complaint in the San Diego Superior Court alleging four causes of action. (*See Notice of Removal* [Doc. 1] *Ex. 1* [Doc. 1-3].) On June 10, 2023, Defendants removed the case to this Court asserting jurisdiction under the Class Action Fairness Act ("CAFA"). (*Id.* 2:24–27.) Because Valdez's lawsuit is not a class action, on July 10, 2023, this Court ordered Defendants to show cause why the case should not be remanded for lack of subject-matter jurisdiction. (*See OSC* [Doc. 5].) On July 17, 2023, Defendants filed their response and on July 19, 2023, Valdez filed her response. The Court finds the matter appropriate for resolution on the papers. *See* Civ.L.R. 7.1d1. For the reasons stated below, the Court finds it lacks

subject-matter jurisdiction and **ORDERS** the case remanded to the San Diego Superior Court.

## I. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). The burden of establishing subject-matter jurisdiction rests upon the party asserting jurisdiction. *Id.* Additionally, district courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see* Fed.R.Civ.P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking). Consistent with these principles, the removal statute "is strictly construed, and any doubt about the right of removal requires resolution in favor of remand. The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (internal citation and quotation marks omitted). Whether subject-matter jurisdiction exists is to be determined from the complaint. *See Snavely v. Johnson*, 2015 WL 52429254, at 1–2 (N.D.Cal. Sept. 8, 2015) (citations omitted).

Before Plaintiff Valdez filed her state-court lawsuit, she was a putative class member of a lawsuit filed against Defendant Field Asset Services and other defendants alleging misclassification and other California Labor Code violations. (*Notice of Removal* 2:11–16.) The class action, entitled *Bowerman et al. v. Field Asset Services, Inc. et al.*, No. 3:13-cv-00057 ("*Bowerman*"), was filed in the Northern District of California. (*Id.*) Although the class was initially certified by the district court, Defendants appealed the decision and on July 5, 2022, the Ninth Circuit decertified the class in a published opinion. (*Id.* at 2:17–21, *citing Bowerman v. Field Asset Servs., Inc.*, 39 F.4th 652, 658 (9th Cir. 2022), as amended, 60 F.4th 459 (9th Cir. 2023).)

After *Bowerman* was decertified, Valdez filed this lawsuit in the San Diego Superior Court. Defendants then removed the case, citing CAFA as the sole basis for subject-matter jurisdiction. (*Notice of Removal* at 2:24–27.)

For CAFA jurisdiction to exist, Valdez's state-court lawsuit must involve (a) a class size of at least 100 members, (b) at least one plaintiff and one defendant that are citizens of different states, and (c) an aggregate amount in controversy exceeding $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2),(5),(6). "Subject matter jurisdiction is determined from the face of the complaint." *See Snavely v. Johnson*, 2015 WL 5242925, at *1 (N.D.Cal. Sept. 8, 2015) (citing *Toumajian v. Frailey*, 135 F.3d 648, 653 n.2 (9th Cir. 1998) and *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 932 (1987)). Based on Vadez's Complaint, two of the CAFA requirements are missing: Valdez is the only named plaintiff and there are no class allegations (*Compl.* ¶ 4); and there are no allegations remotely suggesting the aggregate amount in controversy exceeds $5 million (*see id.*).

In their response to the OSC, Defendants argue that subject-matter jurisdiction nevertheless exists because the "Northern District has retained federal jurisdiction over Plaintiff's individual claims at issue in the *Bowerman* case." (*Defs' OSC Response* [Doc. 7] at 2:3–5.) As a matter of fact, this argument is false. Valdez is not mentioned anywhere in the *Bowerman* First Amended Complaint ("FAC"), which is attached to Defendants' Notice of Removal. (*See Notice of Removal*, *Exhibit 2* [Doc. 1-4].) Nor have Defendants cited any orders from the district court presiding over *Bowerman* indicating that it somehow retained jurisdiction over Valdez's claims.

Defendants also argue the "great weight of authority from California district courts and other circuits supports holding that federal courts retain jurisdiction of Plaintiff's individual claims despite the decertification of the *Bowerman* class." (*Defs' OSC Response* at 1:16–27.) In support of this argument, Defendants cite cases that stand for the well-settled principle that CAFA jurisdiction is determined at the time of removal and that subsequent developments do not divest the court of jurisdiction over the case or the

1  claims of named plaintiffs.  *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, n. 12 (11th
2  Cir. 2009) (recognizing that "because jurisdictional facts are assessed at the time of
3  removal," subject-matter jurisdiction continues to exist even if a narrowed class resulted
4  in fewer than 100 class members); *United Steel, Paper & Forestry, Rubber Mgf., Energy,*
5  *Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F3d 1087, 1091–1092 (9th
6  Cir. 2010) (held that denial of class certification does not divest the district of subject
7  matter jurisdiction over the same case); and *Ellison v. Autozone Inc.*, 486 F. App'x 674,
8  675 (9th Cir. 2012) (reversing district court's remand of a CAFA class action after the
9  plaintiff dismissed the class claims because "[w]here, as here, jurisdiction was proper at
10 the time of removal, subsequent dismissal or transfer of class claims does not defeat the
11 court's CAFA jurisdiction over remaining individual claims.") (citing *United Steel*, 602
12 F.3d at 1092).  The problem with these cases is that they do not address whether CAFA
13 jurisdiction covers a subsequently filed state-court lawsuit by a former unnamed, putative
14 class member.

15     Defendants also cites two cases discussing whether CAFA jurisdiction exists over
16 cases that resulted from the district court's severance of named plaintiffs from the CAFA
17 class action.  *See Louisiana v. American National Property & Casualty Company*, 746
18 F.3d 633 (5th Cir. 2014) (holding subject matter jurisdiction exists over plaintiffs whose
19 individual claims were *severed* from the CAFA class action); and *Helm v Alderwoods*
20 *Group*, 2011 WL 2837411, at *13 (N.D.Cal. July 18, 2011) (holding subject-matter
21 jurisdiction exists "over the claims of all of the individual named plaintiffs" that were
22 severed from the CAFA removed class action).  These cases do not help Defendants
23 because Valdez was never a named plaintiff in *Bowerman* and, thus, her state-court
24 lawsuit is not the result of the district court's severance of Valdez's claims.

25     Defendants next cite *Cooper v. R.J. Reynolds Tobacco Co.*, 586 .Supp.2d 1312
26 (M.D.Fla. 2008), which involves CAFA's mass-action provision.  That provision
27 includes, among other things, a numerosity requirement of 100 or more plaintiffs.  After
28 defendants removed the cases under the mass-action provision, defendants indicated that

they planned to seek to sever plaintiffs' claims for trial. Plaintiffs then moved to remand arguing that defendants' intent to sever the claims for trial would divest the district court of jurisdiction because of CAFA's numerosity requirement. Relying on the well-settled rule that jurisdiction is determined at the time of removal, the district court denied the motion to remand. Similar to all of the other cases Defendants cites, *Cooper* simply reaffirms the general rule regarding when subject-matter jurisdiction is determined. It does not support a finding that CAFA jurisdiction covers a state-court lawsuit filed by a former unnamed, putative class member following denial of class certification or decertification.

Finally, Valdez recently notified this Court of another district court evaluating whether CAFA jurisdiction exists over a state court lawsuit filed by a former unnamed putative class member of *Bowerman*. In *Carranza v. Field Asset Services, Inc.*, 2023 WL 5170298 at *4 (N.D. Cal. Aug. 11, 2023), plaintiff Remberto Carranza filed a lawsuit in the San Francisco Superior Court after the *Bowerman* class was decertified. In granting the motion to remand, the district court first evaluated many of the same cases discussed above and found they did not establish subject-matter jurisdiction over Carranza's state case. *Id.* at *3–4. The court then explained that "the filing of Bowerman's complaint did not attach CAFA jurisdiction to *Carranza's* claims; had Carranza wanted to file his individual claims at that point, he could have done so, and he *only* could have done so in state court." *Id.* at *4. As support, the court cited *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir. 2001), wherein the Ninth Circuit explained that "a class action, when filed, includes only the claims of the named plaintiff or plaintiffs." *Id.* The district court then continued:

> [Defendant] FAS would not have been able to remove [Carranza's] state court case at that point because of the lack of federal question and complete diversity. When Bowerman's class was certified, Carranza, as an "unnamed" class member, "acquired a legal status separate from the interest asserted by [the named plaintiff]," *Sosna v. Iowa*, 419 U.S. 393, 399 (1975); *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1538 (2018) (same)—but there is no caselaw saying that legal status necessarily confers subject matter

>jurisdiction onto the federal court, including where class certification ultimately fails. Indeed, had the class remained certified, as an unnamed class member Carranza would have been entitled to opt out and file his own individual case—in state court. Nothing about the subsequent decertification of the class caused federal subject matter jurisdiction to attach to Carranza's state law claims and force him to litigate in federal court. FAS points me to no case law that provides otherwise, nor could I find any. This outcome makes sense: it would be unfair to find that laws about jurisdiction, *see* 28 U.S.C. §§ 1331, 1332, do not apply to an individual simply because a different individual filed other claims.

*Id.* at *4 (footnote omitted).

In sum, based on a review of Valdez's Complaint, two of the CAFA requirements are not met in this case: the lawsuit is not a class action and does not satisfy the amount in controversy requirement. Defendants have also failed to cite any authority holding CAFA jurisdiction covers a separate state-court lawsuit filed by a former unnamed, putative class member. Additionally, as explained in *Carranza*, forcing Valdez to litigate her claims in federal court makes no sense, particularly in light of the fact that had *Bowerman* not been decertified, Valdez could have opted out of the class and pursued her claims in state court. Finally, it is important to reiterate that the removal statute "is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244. For all these reasons, the Court finds Defendants have failed to establish subject-matter jurisdiction over Valdez's lawsuit.

## II.   CONCLUSION & ORDER

For the reasons set forth above, the Court finds it lacks subject-matter jurisdiction over Plaintiff's lawsuit and, therefore, **ORDERS** the case **REMANDED** to the San Diego Superior Court.[1]

---

[1] Plaintiff believes an award of attorney's fees is appropriate. For the reasons stated in *Carranza*, 2023 WL 5170298, at *4, the Court disagrees.

6

1 | In light of the remand, Defendants' motion to dismiss [Doc. 4] is **TERMINATED**
2 | as **MOOT**.
3 |     **IT IS SO ORDERED**
4 | Dated:  August 17, 2023

                                            Hon. Thomas J. Whelan
                                            United States District Judge